## HALL & al. *vs.* CUSHMAN.

Where a second mortgagee of land called upon a prior mortgagee, to ascertain from him the nature and extent of his claim, and the first mortgagee said, in course of their conversation, that he did not expect to look to the mortgage for indemnity, but, if there should be a small balance due him, he would notify the other party or his counsel, it was *held*, that the first mortgagee was bound to have given special and personal notice to the second mortgagee, or his counsel, before he attempted to foreclose his own mortgage.

Hall *v.* Cushman.

Giving the public notices required by statute, as incident to an entry and foreclos-. ure, is no compliance with such a promise.

The second mortgagee, in such circumstances, may redeem from the other party at any time, until he has rendered an account, notwithstanding an entry and possession otherwise regular, and sufficient to have foreclosed the prior mortgage.

Petition, alleging that on the 24th of March, 1834, one Benjamin Fay was seized in fee of a certain tract of land, and on that day mortgaged it to the defendant, with condition to indemnify him as surety with others on a note signed by Fay ; that on the 27th of January, 1836, said Fay mortgaged the same land to the petitioners, to secure a certain note payable to one of them, which is in no part paid, and which, together with the mortgage, is holden in trust for them jointly.

The petition farther alleged, that on the 28th of January, 1840, they wished to redeem and discharge the premises of any incumbrances which might exist in favor of the defendant, and requested him to deliver to them or their agent a just and true account of all demands secured to him by said mortgage, which the defendant refused to do.

Wherefore the petitioners pray for an account, &c. and for leave to redeem.

The defendant says that an account ought not to be taken, and that the petitioners ought not to be permitted to redeem, because the condition of his mortgage was forfeited, he having been compelled to pay the note mentioned in said mortgage ; and that, in consequence thereof, on the 22d of October, 1838, he entered to foreclose, and gave due notice, and remained in possession until October 23d, 1839, and thereby foreclosed said mortgage, and still remains in possession. He specially denies the right of the petitioners, or others, to redeem the premises on the said 20th of January, 1840.

The facts in relation to the defendant's and the petitioners' mortgages are admitted to have been as stated in the petition. The payment of divers sums at divers times from

Hall *v.* Cushman.

July, 1834, to November, 1838, by the defendant, on account of the note mentioned in his mortgage, was also admitted; all said payments being prior to the time of his said entry.

It also appeared that the defendant entered to foreclose his mortgage, as alleged by him in his answer, on the 22d of October, 1838, and that the said mortgage was duly foreclosed, unless it be by reason of the following facts, which were agreed, viz. : That in the last of December, 1837, or the first of January, 1838, Stephen Hall, (one of the petitioners,) having ascertained the existence of the defendant's mortgage, called upon him with his counsel, to ascertain the nature and extent of his claim under it ; and that, in the course of the conversation, the defendant said, in reply to their inquiries, that he did not expect to look to the mortgage for indemnity, but if there should be a small balance due him, he would notify said Hall or his counsel.

*Morrison*, for the petitioner.

*Bellows*, for the defendant.

PARKER, C. J.   On the facts, as they appear in this case, the petitioner is entitled to redeem.   In arriving at this conclusion it is not necessary to consider any other facts in detail than those which occurred at the time of the conversation between the defendant and one of the petitioners, in the last of the year 1837, or in January, 1838.

That visit to the defendant was somewhat ceremonious. The petitioner was accompanied by his counsel, and his inquiries were directly turned to the nature and extent of the defendant's claim ; and Cushman of course understood that they had reference to the value of the second mortgage, and the question of redeeming the one which he held.   In short, the application was in the nature of a call for an account, and the defendant so received it.   He did not refuse to com-

ply with the request, but yet he did not comply with it. He seems to have desired to waive that question, for the time at least. His wish evidently was to do nothing to impair his indemnity, and at the same time to encourage the subsequent mortgagee. " He did not expect to look to the mortgage for indemnity, but, if there should be a small balance due him, he would notify the petitioner or his counsel."

This voluntary agreement of the defendant can be interpreted no otherwise than as an express stipulation on his part, that, in case he should be compelled to resort to the mortgage, he would render an account. He promised to notify the other party or his counsel. This could not have been meant or understood, on either side, as merely such general notice as the statute makes necessary in order to perfect a foreclosure. Such notice they would of course have. The defendant's promise to give them notice in that way would neither have lessened or increased their rights or his duties.

It should be observed that this court is not called upon, and does not undertake in the present case, to enforce this agreement specifically, as a contract ; but we cannot allow the defendant to set up, as an answer to this petition, a foreclosure which he has obtained by the neglect of his promise to the petitioner ; in other words, through bad faith and fraud. Whether the promise was originally made in good faith or not, it has not been faithfully kept. The declaration was one upon which the petitioners might well rely ; and it was certainly fraudulent for the other party, who made it, to attempt a foreclosure under the ordinary provisions of our law, without giving the stipulated special notice.

The right to redeem, therefore, remains open to the petitioners until he shall have complied with his engagement, and rendered to them an account.